## Ex Parte Pinto.

### Appeal from the District Court of Arecibo.

No. 198.—Decided October 22, 1909.

Habeas Corpus—Appealable Judgment.—In accordance with the provisions of sections one and two of the *Habeas Corpus* Act of March 12, 1903, the order appealed from by the *fiscal* is appealable by either of the aggrieved parties, and therefore this appeal should not be dismissed on that ground.

Id.—Errors of Procedure.—The writ of *habeas corpus* cannot be resorted to for the purpose of reviewing errors or irregularities of procedure which do not involve questions of jurisdiction.

Sale of Adulterated Milk.—In the case at bar this court held that the District Court of Arecibo, in condemning the petitioner in the prosecution against him for having in his possession and offering for sale adulterated milk, had jurisdiction of the offense and did not exceed the limits thereof in its exercise of the same.

Id.—Defective Information.—The question whether or not an information is defective or irregular, for the reason that it was not drawn in accordance with the provisions of section three of the Penal Code, amended by the Act of May 28, 1904, cannot be raised in *habeas corpus* proceedings, and the judgment rendered thereunder is not null and void, and the petitioner should therefore be remanded.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

*Mr. Cay. Coll Cuchí* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by the *fiscal* of the District Court of Arecibo from a decision of the judge of said court, rendered June 23 of the current year, directing the release from custody of Julio Pinto upon a writ of *habeas corpus*.

In support of his application for a writ of *habeas corpus* the petitioner alleges the following:

1. That on May 13 last, the following complaint was filed against him:

"United States of America, ss. The President of the United States. *The People of Porto Rico* v. *Julio Pinto.* I, Juan Torres, a resident of San Juan, Puerta de Tierra, Street No. ——, 33 years of age, file a complaint against Julio Pinto, for a crime against public health, a misdemeanor, committed as follows: That on the third of this month of May, in the town of Manatí, in the judicial district of Arecibo, then and there the said Julio Pinto, fraudulently had and offered for sale adulterated cow's milk as pure. This act is contrary to the form, efficiency and purpose of the law in such cases made and provided and against the peace and dignity of The People of Porto Rico. The witnesses being: (Signed) Juan Torres, complainant. Sworn to before me this 13th day of May, 1909. (Signed) Francisco Lasalle, Judge of the Municipal Court of San Juan."

2. That notwithstanding his plea of not guilty, he was sentenced in proceedings illegally instituted under such complaint by the District Court of Arecibo on May 25 to be imprisoned for two months, and to pay a fine of $100 and the costs.

3. That the proceedings and the sentence are null and void, because the complaint had not been duly sworn to before an officer authorized to administer oaths; because it does not show in what court it was filed, nor how it went to the District Court of Arecibo; because the crime was not prosecuted upon

an information filed by the *fiscal* and confirmed by his sworn statement in the manner prescribed in section three of the Code of Criminal Procedure as amended; and because the sentence was not the result of a legal proceeding.

The writ of *habeas corpus* having issued, the warden of the jail of the district of Arecibo presented the commitment by virtue of which Julio Pinto was restrained of his liberty, said commitment showing that by sentence of May 25, of the current year, the District Court of Arecibo had found him guilty of a crime against the public health, provided for in section 357 of the Penal Code, and sentenced him to be imprisoned for two months, to pay a fine of $100 and the costs; and that having taken an appeal from the sentence he furnished bail to remain at liberty until the appeal should be decided, but as the sureties withdrew the undertaking, he was committed to prison.

The lower court bases its decision directing the release of Julio Pinto from custody on the ground that the sentence under which he was committed to prison was void because the requisites prescribed by the third section of the Code of Criminal Procedure as amended by the Act of July, 1904, had not been complied with, in so far as it refers to the filing of an information duly sworn to by the *fiscal,* as the origin of all proceedings; and in ordering that Pinto should be set at liberty, it directed that such order should be made known to the Supreme Court, because the judgment against Pinto was pending decision on appeal.

Counsel for the respondent in his brief to this Supreme Court, prays that the appeal be dismissed on the ground that the decision appealed from was not appealable by the *fiscal;* but in opposition to this affirmation we have sections one and two of the act providing for the writ of *habeas corpus,* approved March 12, 1903, which expressly grants this appeal to any of the aggrieved parties.

Entering now upon a consideration of the decision appealed from, we are of the opinion that the District Court of

Arecibo committed a manifest error in ordering the release from custody of Julio Pinto under *habeas corpus* proceedings, because it does not appear from the writ and the allegations of the petitioner that he could be released from custody as included in any of the seven cases enumerated in section 483 of the Code of Criminal Procedure.

The allegations of the appellant in support of the illegality of his imprisonment do not charge lack of jurisdiction in said court or abuse in the exercise thereof but simply errors of procedure in relation with the charge which served as a basis for the trial; and as the learned writer Church says in his work on *Habeas Corpus,* section 87, *errors and irregularities in procedure not going to the question of jurisdiction are not reviewable on habeas corpus.*

The District Court of Arecibo tried Pinto for a crime comprised under section 357 of the Penal Code, as amended by the Act of March 8 of the current year, section two of which act confers exclusive jurisdiction on district courts to impose penalties for violations of its provisions relating to adulteration of milk; and having found the defendant guilty, it imposed on him the proper penalty without exceeding the limit prescribed in said act, for which reason it can well be affirmed that the lower court had jurisdiction of the act charged and did not exceed such jurisdiction.

The crime was set forth clearly in the complaint, it is the same crime of which Pinto was found guilty, and it cannot be maintained in absolute terms that there was no accusation, basis of the proceedings, in order to allege the nullity of the judgment rendered.

Whether the complaint was defective or irregular on account of its not having been formulated in accordance with the provisions of section three of the Penal Code, as amended by the Act of May 28, 1904, such a matter cannot be discussed in *habeas corpus* proceedings; and Pinto who appealed from the judgment of conviction which led to his imprisonment, may allege in support of his appeal whatever he may deem

proper with regard to the defects on which he bases his application for a writ of *habeas corpus,* such appeal being in this case the proper expedient for reviewing the proceedings of the trial.

We believe it unnecessary to reproduce here in corroboration of our opinion, the doctrine which has heretofore been established in other cases decided by this Supreme Court, which are the following: (*Ex parte Mauleon,* decided October 29, 1903; *Ex parte Torres,* decided December 7, 1903; *Ex parte Hobart S. Bird,* decided March 15, 1904.)

For the foregoing reasons, the order appealed from of June 23 last, should be vacated, and Julio Pinto be again committed to the prison in which he was, under the custody of the warden of the Arecibo jail, with the costs of the first instance against him.

*Reversed.*

Justices Figueras, MacLeary, Wolf and del Toro concurred.